IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
| v. | : | NO. 09-484-1 |
| LEON GLASPIE | : | |

## MEMORANDUM

**KEARNEY, J.** November 30, 2018

A citizen who admittedly violated the terms of his supervised release resulting in our sentence of fifteen months of federal incarceration to run concurrent with his state court sentence beginning on date certain now brings a writ of habeas corpus alleging ineffective assistance of counsel at the hearing on revoking supervised release and challenging the legality of his partially concurrent sentence. His lawyer argued for a concurrent sentence rather than a consecutive sentence permitted by Congress. To allow the citizen the ability to fully participate in the state prison's vocational training, we entered a concurrent sentence beginning on the first day on which he may be eligible for state parole based on his lawyer's argument the state prison would not parole him with a pending federal detainer. All good, until the state Parole Board granted parole less than a month into our concurrent sentence. The citizen now wants a new sentence arguing his lawyer provided ineffective assistance of counsel and our partially concurrent sentence (in lieu of a fully consecutive sentence) is illegal. His *pro se* habeas petition, while cogently presented, lacks merit. We deny the motion for the reasons which follow.

### I. Background

Leon Glaspie plead guilty to one count of escape in violation of 18 U.S.C. § 751(a) on August 26, 2009.[1] After Mr. Glaspie served a twenty-seven month prison sentence, he began a

three-year period of supervised release on November 25, 2013.² Judge Davis found Mr. Glaspie violated the terms of the three-year release on August 18, 2015, and sentenced him to a new twenty-four month period of supervised release.³ Mr. Glaspie violated the terms of the second release period on May 31, 2016, when he committed a state drug trafficking crime.⁴ Mr. Glaspie pled guilty to the drug trafficking offense in state court on June 27, 2016.⁵ The state court imposed a two-to-four-year prison sentence.⁶ On November 20, 2017, we held a supervised release revocation hearing based on the state drug trafficking crime violating the terms of supervised release.⁷

At the revocation hearing, Mr. Glaspie's counsel, Mark Wilson, argued for Mr. Glaspie's federal sentence to run concurrently with his state sentence. We could have imposed a sentence entirely consecutive to the state court sentence. Attorney Wilson sought a concurrent sentence. He argued if we did not give Mr. Glaspie a fully concurrent sentence which would begin on the date of the hearing, we should give Mr. Glaspie a partially concurrent sentence which would begin on May 27, 2018, the first day when Mr. Glaspie became eligible for state parole.⁸ Mr. Glaspie expressed a preference to remain in state custody to use the state prison's vocational programs.⁹ Attorney Wilson advocated for a partially concurrent sentence to begin on May 27, 2018, because, in his experience, state prisons do not often parole their inmates when a federal detainer is pending because the state prisons consider the federal detainer a factor disfavoring parole.¹⁰ According to Attorney Wilson, Mr. Glaspie would serve his concurrent federal sentence from state prison because the state prison would not parole him until the federal sentence ended.¹¹ We sentenced Mr. Glaspie to a fifteen-month prison sentence to begin on May 27, 2018 (the first possible day of state parole) and to run concurrently with his state sentence, followed by a twelve-month period of supervised release.¹²

Despite the federal detainer, the state Parole Board granted Mr. Glaspie parole on June 18, 2018.[13] The Parole Board cited existence of the federal detainer as a reason for its parole determination.[14] Mr. Glaspie is now incarcerated in a federal prison in Cumberland, Maryland.[15] He served about three weeks of his fifteen-month federal sentence in state prison currently with his federal sentence.

## II. Analysis

Mr. Glaspie makes two claims in his habeas petition challenging his sentence. Mr. Glaspie argues Attorney Wilson rendered ineffective of assistance of counsel by "fail[ing] to object or appeal my illegal sentence and prevented me from getting a fully concurrent." Mr. Glaspie also argues his sentence exceeds the statutory maximum and is illegal. Both claims fail.

### A. Mr. Glaspie's ineffective assistance claim fails.

Mr. Glaspie argues Attorney Wilson failed to object or appeal his illegal sentence and prevented Mr. Glaspie from getting a fully concurrent sentence. We reject this argument.

To prevail on an ineffective assistance of counsel claim, Mr. Glaspie must first show Mr. Wilson's actions fell "outside the wide range of professionally competent assistance."[16] "In analyzing this first prong of the Strickland test, there is a strong presumption that counsel performed reasonably."[17] Mr. Glaspie must then show there is a reasonable possibility the outcome of the underlying proceeding would have been different if not for Mr. Wilson's deficient performance.[18]

Mr. Glaspie's ineffective assistance claim fails. Under the sentencing guidelines, we could have sentenced Mr. Glaspie to a sentence entirely consecutive to the state court sentence, partially concurrent or fully concurrent.[19] Attorney Wilson's argument did not fall outside the wide range of professionally competent assistance because Mr. Glaspie received a concurrent sentence. Mr.

3

Glaspie served about three weeks of his fifteen-month federal sentence in state prison—from May 27, 2018, until he was paroled on June 18, 2018. We sentenced Mr. Glaspie concurrently after Mr. Wilson argued for <u>both</u> a fully concurrent sentence and a partially concurrent sentence.[20] We chose a partially concurrent sentence. While Mr. Wilson's prediction the state prison would not parole Mr. Glaspie turned out to be incorrect, Mr. Wilson still provided effective representation by attaining a concurrent sentence for his client. We could have sentenced Mr. Glaspie to a consecutive sentence. Mr. Wilson was within his professional competence to base his prediction regarding parole upon his own experience.[21]

### B. Mr. Glaspie's partially concurrent sentence is legal.

Mr. Glaspie next argues his sentence exceeds what Congress allows under 18 U.S.C. § 3583(h). Mr. Glaspie is incorrect. Congress allows judges to impose a term of supervised release following revocation which "shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release."[22]

On November 20, 2017, we imposed a term of fifteen months to run concurrent with Mr. Glaspie's then existing state court sentence of imprisonment to be followed by twelve months of supervised release.[23] Mr. Glaspie's original offense authorized a period of supervised release not to exceed three years.[24] Adding in Mr. Glaspie's fifteen months of incarceration to the one year supervised release is still less than the three years of supervised release authorized by Congress for Mr. Glaspie's original crime of escape under 18 U.S.C. § 751. His sentence is legal.

### III. Conclusion

Mr. Glaspie's claims of ineffective assistance and illegality of his sentence fail. We deny his petition for habeas corpus in the accompanying Order. We also deny a certificate of

appealability as Mr. Bennet has neither shown denial of a federal constitutional right nor has he established reasonable jurists would debate the correctness of this Court's ruling.[25]

---

[1] ECF Doc. No. 8.

[2] ECF Doc. No. 22.

[3] *Id.*

[4] ECF Doc. No. 35.

[5] ECF Doc. No. 47 at 4:2–24.

[6] ECF Doc. No. 48 at 1.

[7] ECF Doc. No. 34.

[8] ECF Doc. No. 47 at 28:17–21.

[9] *Id.* at 9:11–19. Mr. Glaspie later *pro se* moved for relief asking us to alter his sentence to run concurrent from the beginning of his state sentence. ECF Doc. No. 36. He described the revocation hearing, "…I want to say that you were very fair and handled my hearing like an absolute gentleman and for that, I' am very thankful. Your intentions at the hearing was to allow me to remain in state custody and to complete service of my 15-month sentence for revocation in state custody, so I may benefit from the states programs." *Id.*

[10] *Id.* at 32:7–11.

[11] ECF Doc. No. 47 at 27:10–21.

[12] ECF Doc. No. 35.

[13] Notice of Board Decision, Commonwealth of Pennsylvania Board of Probation and Parole at 1. Mr. Glaspie sent us this Notice under cover of his August 10, 2018 letter offering self-surrender.

[14] *Id.*

[15] ECF Doc. No. 45 at 1.

[16] *Strickland v. Washington*, 466 U.S. 668, 690 (1984).

[17] *Lewis v. Horn*, 581 F.3d 92, 106 (3d Cir. 2009).

[18] *Id.*

5

[19] *See* 18 U.S.C. § 3584(a); U.S.S.G. § 5G1.3(a). *See also Allan v. Johns*, 205 F. App'x 934, 936 (3d Cir. 2006) ("U.S.S.G. § 5G1.3(c) . . . permits the sentencing court to impose a sentence to run concurrently, partially concurrently, or consecutively to a prior undischarged term of imprisonment."). Judges often run sentences entirely consecutively. *See, e.g., United States v. Russell*, 560 F. App'x 115, 117 (3d Cir. 2014) (running a 136-month federal sentence consecutively to a state sentence of 63 to 123 years); *United States v. Morris*, 464 F. App'x 84, 86 (3d Cir. 2012) (running a thirty-three month sentence consecutively to a state sentence); *United States v. Gilbert*, 257 F. App'x 560, 561–62 (3d Cir. 2007) (running a sixty-month federal sentence consecutively to other sentences).

[20] ECF Doc. No. 47 at 28:17–20 ("[I]f your Honor doesn't want to do a fully-concurrent sentence, if your Honor made it to start on [May 27, 2018], presumably, [Mr. Glaspie] will not get paroled.").

[21] *See Lewis v. Mazurkiewicz*, 915 F.2d 106, 115 (3d Cir. 1990).

[22] 18 U.S.C. § 3583(h).

[23] ECF Doc. No. 35.

[24] 18 U.S.C. § 3583(b)(2).

[25] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).